UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02314-TWP-MJD |
| | ) | |
| WENDY KNIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint and Directing Further Proceedings**

Plaintiff James Johnson, an inmate at the Correctional Industrial Facility ("CIF") in Pendleton, Indiana, brings this action alleging that he was removed from a prison program in violation of his rights to due process and equal protection. Because Mr. Johnson is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Johnson's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint names five defendants: (1) Wendy Knight, (2) D. Ritchie-Gardener, (3) Evelyn McDonald, (4) Correctional Officer Lt. Bryant, and (5) Unit Team Manager Mr. Hunt.

Mr. Johnson alleges that McDonald, Bryant, and Hunt removed him from CIF's Recover While Incarcerated program without due process and in violation of his equal protection rights. He alleges that Knight delegated his classification appeal to Ritchie-Gardener, who denied the appeal.

Mr. Johnson seeks damages and injunctive relief.

## III. Discussion

Mr. Johnson's due process claim for removal from the Recover While Incarcerated program is **dismissed for failure to state a claim on which relief can be granted**. An inmate does not have a liberty interest in admission to an educational program, even if the program allows for potential sentence credit. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000) (finding no due process protection because "the successful completion of a program is not inevitable" and thus "denying [an inmate] the opportunity to earn good credit time does not 'inevitably affect the duration of the sentence,' and does not deprive him of constitutional guarantees" (quoting *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1996)). Accordingly, the defendants were not required to provide due process before removing Mr. Johnson from the program.

For the same reason, Mr. Johnson's due process claim based on his classification appeal is **dismissed for failure to state a claim on which relief can be granted**. "Prison grievance procedures ... do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953−54 (7th Cir. 2011).

Mr. Johnson's equal protection claim also is **dismissed for failure to state a claim on which relief can be granted**. To state an equal protection claim, Mr. Johnson would have to allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). He does not allege facts to satisfy any of these requirements.

### III. Opportunity to File Amended Complaint

Although Mr. Johnson's claims are dismissed, the Court will not yet dismiss the entire action. Instead, the plaintiff shall have **through September 23, 2019,** to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 8987, 901 (7th Cir. 2017). As such, it must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide each defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury Mr. Johnson claims to have suffered and what persons are responsible for the injury. The amended complaint should have the proper case number, 1:19-cv-02314-TWP-MJD, and the words "Amended Complaint" on the first page.

If Mr. Johnson files a timely amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If not, this action will be dismissed—without further notice or opportunity to show cause—for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 8/23/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES JOHNSON
147711
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064