UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02314-TWP-MJD |
| | ) | |
| WENDY KNIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Amended Complaint, Assessing a Strike, and
Directing Issuance of Final Judgment**

Plaintiff James Johnson, an inmate at the Correctional Industrial Facility ("CIF") in Pendleton, Indiana, brought this action alleging that he was removed from a prison program in violation of his rights to due process and equal protection. The Court dismissed Mr. Johnson's original complaint but provided him an opportunity to amend. Now before the Court is Mr. Johnson's amended complaint.

**I. Screening Standard**

Because Mr. Johnson is a "prisoner," the Court must screen his amended complaint. 28 U.S.C. § 1915A(a), (c). The Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**II. The Amended Complaint**

The amended complaint names the same five defendants who were named in the original complaint: (1) Wendy Knight, (2) D. Ritchie-Gardener, (3) Evelyn McDonald, (4) Correctional Officer Lt. Bryant, and (5) Unit Team Manager Mr. Hunt.

Mr. Johnson was participating in CIF's Recover While Incarcerated program. Mr. Johnson alleges that members of that program form a protected class. He further alleges that McDonald, Bryant, and Hunt removed him from CIF's Recover While Incarcerated program in violation of his equal protection rights. He alleges that Knight delegated his classification appeal to Ritchie-Gardener, who denied the appeal.

### III. Discussion

Mr. Johnson's equal protection claim is **dismissed for failure to state a claim on which relief can be granted**. "The Equal Protection Clause of the Fourteenth Amendment prohibits intentional and arbitrary discrimination." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). To state an equal protection claim, Mr. Johnson must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Members in the Recover While Incarcerated program do not form a protected class, and Mr. Johnson does not allege that the defendants discriminated against him or treated him differently from anyone else. Accordingly, he has failed to state an equal protection claim.

Mr. Johnson appears to have abandoned his due process claims, but to the extent he has not, they are **dismissed** for the same reasons that the due process claims in his original complaint were dismissed.

### IV. Conclusion

Mr. Johnson's complaint is **dismissed for failure to state a claim on which relief can be granted**. Because the complaint has been dismissed for failure to state a claim, Mr. Johnson is

assessed a strike[1] and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/19/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES JOHNSON
147711
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

---

[1] The Prison Litigation Reform Act's "three strikes" provision limits prisoners' civil lawsuits in federal courts. The Act states: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).